UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:18-cr-270 CDP |
| | ) |
| ANTHONY MORRIS, | ) |
| | ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM**

COMES NOW Defendant, Anthony Morris, (Morris), by and through counsel, and files the following memorandum for sentencing.

**I**

On March 29, 2018, the government filed a one-count indictment, alleging Morris violated Title 18 U.S.C. § 922(g)(1). *See* Doc. Text #1. On November 7, 2019, Morris pled guilty through a written agreement to the same count in a superseding indictment. *See* Presentence Investigation Report at ¶ 1 [hereinafter PSR]. In the agreement, the parties estimated a total offense level of 17, a criminal history category of III, and a corresponding guideline range of 30 to 37 months. *See id.* ¶ 32, 49, 78. The parties, however, agreed to recommend a sentence of 18 months, *see id.* at 3, a recommendation they have since revised downward to probation. *See* Notice of Revised Joint Sentencing Recommendation, [Doc. Text #204]; *see also* PSR at ¶¶ 3, 79, 76. Among others, four considerations support this recommendation.

**II**

As of October 23, Morris will have completed 23 months on home detention, a duration longer than the 18-month sentence the parties recommended at the time of Morris' pre-pandemic plea. *See* Order Setting Conditions of Release at 2 [Doc. Text 38].

1

Arguably, Morris' guideline calculation also overstates the significance of one prior conviction: a $50 marijuana sale to an undercover officer some 13 years ago. *See* PSR at ¶ 39. Under the relevant guidelines, this non-violent, small-scale marijuana conviction increases Morris' criminal history category from II to III and ups his total offense level from 12 to 17. *See id.* at ¶¶ 23, 32, 37, 49. In the absence of this conviction, Morris' guideline range would fall to 12 to 18 months.

In addition, Morris has stable employment that he has maintained over time. He's the assistant manager at a Burger King in Florissant where he has worked for the last eight years. *See* PSR at ¶ 72. According to his district manager, Morris "care[s] about his job," "excel[s] at his position," and is "always positive." *See* Exhibit 1 [Letter from Kelley Brooks]. In short, he is a dedicated, reliable employee and an asset to the company for which he has worked for almost a decade. *See id.*

Morris' income is critical to his wife and seven-month old son, as well. *See* PSR at ¶ 56. It is also critical to his five-year-old twins from a prior relationship for whom he has always timely paid child support. *See id.* at ¶ 55.

In sum, Morris has a stable family, stable employment, and can successfully function as a law-abiding member of the community. In addition, he has three young children who rely on his support and no history of violence. He has also completed almost two years of home detention and a 13-year-old prior conviction for the sale of a small quantity of marijuana arguably figures too prominently in his guideline calculation. For these reasons among others, the parties' joint recommendation is reasonable.

WHEREFORE, Defendant, Anthony Morris, respectfully requests this Court impose the parties' recommended sentence of probation.

          Respectfully submitted,

By:   */s/ Adam D. Fein*

      ADAM D. FEIN, # 52255 MO
      Attorney for Defendant
      120 S. Central Avenue, Suite 130
      Clayton, Missouri 63105
      (314) 862-4332
      afein@rsflawfirm.com

## CERTIFICATE OF SERVICE

    I hereby certify that on October 16, 2020, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Mr. John Bird, Assistant United States Attorney.